Peck, J.
Boren brought suit by warrant before a justice of the peace, against Cox, “ in a plea of debt on a book account under fifty dollars.” On his being summoned, the justice gave judgment for the plaintiff, $ 33.32. Cox, a few days afterwards, presented his petition to two justices of the peace, praying for writs of certiorari and supersedeas, in which he states that he had given his note to Boren in these words : “ When I get ready I pay Joshua Boren twenty-four dollars and fifty cents, in iron or something else that I please, for value of him, this 6th day of October, 1817 ” ; that he was not compelled to pay the note till he pleased and had his life to do it in; that since giving the note he had done work for Boren to the amount of thirty dollars, and to avoid payment Boren had trumped up an account which, in part, is unjust, for the use of a horse and feeding the same, making in both items $ 6.82 ; that Boren had given him credit for $ 19 for the work, and had charged him with the price of a saddle, striking a balance to suit himself of $ 33.32, and had obtained thereon judgment for that sum, which was exceedingly unjust; that he would have appealed, but could not give security at the time, which prevented him.
The writs were granted, and the suit returned to the County Court of "Washington, at April term, 1820, at which term a trial was had before a jury, who found that the defendant owed the plaintiff nothing, but that the plaintiff owed-the defendant one dollar and four cents, for which judgment was given under our Act of 1815, ch. —. The Court were moved to tax the attendance of two witnesses, who proved nothing, and stated that they had told Cox thqy knew nothing at the time they were summoned; the. Court would not do so; and exceptions were signed and sealed to this point, and an appeal taken to the Circuit Court.
In that Court the record shows that it was agreed that a rule had been entered in the County Court to .dismiss the certiorari, and had been overruled ; and the rule coming on to be argued in the Circuit Court was discharged ; a bill of exceptions taken to the opinion of the Circuit Court in discharging the rule, set forth that the counsel for the plaintiff offered to make his affidavit that two affidavits had been used on the motion to dismiss in the County Court; and although it appears the Circuit Court heard *296 them on the motion, it is unimportant in this opinion to set them out, as a majority of the Court think they were improperly heard by the judge, the record coming from the County Court not showing that they had been used and relied upon on the motion there to dismiss; if they were used in that Court, the fact should have been evinced by the bill of exceptions; but the mode adopted is an attempt to come at the same thing through the recollection of the attorney.
The cause was again tried by a jury, who found for the defendant, and that the plaintiff owed him one dollar, fifty cents. A motion for a new trial was overruled, and appeal to this Court.
And here we have to consider, first, ought the rule to dismiss to have prevailed ? We think not; for in the record we have the concurring testimony of two courts and juries that the judgment of the justice was oppressive and unjust; and this proves the truth of the principal facts relied on in the petition.
But it is said in argument that justice has not been done, because the plaintiff has not had the benefit of his note for $24.50. Answer, how are we to know that; there is no objection taken to the opinion of the judge in rejecting testimony, or in his charge to the jury ; we must presume, therefore, that the plaintiff had all the testimony he was entitled to, and that the jury were properly instructed on that testimony. It is possible the note was not permitted to enter into the consideration of the jury in the settlement they have made'; it is on its face a. property contract, and perhaps governed by the Act of 1807, ch. 95. But how this is we do not know; it is enough to say here is a case where everything was open on either side on equitable principles, and the jury having found a verdict, which the Court trying the cause would not set aside, there is nothing to which our attention has been directed to authorize us to make a different determination.
Judgment affirmed.